**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ROBERT L. HENDERSON,

               Plaintiff,

-vs-                                                Case No. 8:04-cv-2382-T-24TGW

HOME DEPOT U.S.A., INC.,

               Defendant.
_____/

## O R D E R

This cause comes before the Court for consideration of Defendant's Motion for Award of Attorney Fees (Doc. No. 84) and Plaintiff's Objection to Defendant's Bill of Costs and Motion for Review of Clerk's Order Taxing Costs (Doc. No . 86). Plaintiff filed a Memorandum in Opposition to Defendant's Motion for Award of Attorney's Fees (Doc. No. 87). The Court notes that the Defendant did not file a response to Plaintiff's Objection to Defendant's Bill of Costs and Motion for Review of Clerk's Order Taxing Costs.

    I.      Motion for Award of Attorney Fees

Plaintiff filed a four-count Complaint alleging age discrimination and retaliation in violation of the federal Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"), and under the Florida Civil Rights Act, § 760.01 *et seq.*, Fla. Stat. ("FCRA"). Plaintiff asserted age discrimination in his denial of two positions at Home Depot's Customer Contact Center ("CCC"). He also asserted disparate treatment based on age by the manager of the store in which he worked. His retaliation claims related to his treatment in the store for two days after he returned from a leave of almost 90 days, upon which he based a constructive discharge claim, and also as to the handling

of his vacation pay after he resigned. The Court granted Defendant's motion for summary judgment and directed the Clerk to enter judgment in the Defendant's favor. Defendant now seeks attorneys' fees for Plaintiff's unsuccessful claims of store-level disparate treatment based on age and retaliation and age discrimination in his denial of a lateral transfer to a Human Resource Manager ("HRM") at the CCC. Defendant is not seeking the fees it incurred in defense of Plaintiff's claim of age discrimination in connection with denial of promotion to the Senior HRM position at the CCC.

Defendant argues that it is entitled to an award of attorneys' fees because Plaintiff's claims were frivolous, unreasonable, and without foundation or were brought in bad faith. Plaintiff counters that none of his claims were brought in bad faith or were frivolous, unreasonable or without foundation.

The FCRA provides that the Court in its discretion may allow a reasonable attorneys' fee to the prevailing party. Fla. Stat. § 760.11(5). The statute goes on to state: "It is the intent of the Legislature that this provision for attorney's fees be interpreted in a manner consistent with federal case law involving a Title VII action." Id.

In a Title VII case, a district court may, in its discretion, award attorneys' fees to a prevailing defendant upon a finding that the plaintiff's action was frivolous, unreasonable or without foundation. Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978). The standard for an attorneys' fees award to a prevailing defendant, however, is higher under the ADEA, which incorporates the remedies of the Fair Labor Standards Act. Under the ADEA, a prevailing defendant is entitled to attorneys' fees when the plaintiff has litigated in bad faith. Turlington v. Atlanta Gas Light Co., 135 F.3d 1428, 1437 (11th Cir. 1998).

Defendant argues that when a plaintiff invokes the FCRA along with the ADEA to seek the more expansive remedies available under Florida law (i.e., compensatory and punitive damages), then the plaintiff should be subject to the less stringent FCRA/Title VII standard for award of attorneys' fees. Defendant, however, fails to cite any case law in support of its argument, and this Court declines to adopt this argument and apply this analysis without any supporting authority.

Defendant goes on to argue that it is entitled to an award of the attorneys' fees incurred in defense of Plaintiff's retaliation claim even under the ADEA standard because it is clear that claim was brought in bad faith. Defendant cites no case law supporting its argument that Plaintiff brought any of his claims in bad faith. Upon careful consideration of the record, the Court finds that Plaintiff's claims were not litigated in bad faith, and Defendant's Motion for Award of Attorney Fees is denied.

> II. Plaintiff's Objection to Defendant's Bill of Costs and Motion for Review of Clerk's Order Taxing Costs

Plaintiff objects to Defendant's Bill of Costs and moves this Court to review the Clerk's Order taxing costs against the Plaintiff. An award of costs to a prevailing party under Fed. R. Civ. P. 54(d) is governed by 28 U.S.C. § 1920. Section 1920 provides as follows:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1)   Fees of the clerk and marshal;
>
> (2)   Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3)   Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. A court has discretion to refuse to tax costs in favor of a prevailing party. See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 442 (1987). However, a court does not have discretion to tax costs not allowed by statute. Id. at 445; U.S. EEOC v. W&O, Inc., 213 F.3d 600, 620 (11th Cir. 2000).

Plaintiff raises objections to the following fees awarded to Defendant:

    a.    Fees for Service of Subpoenas

Plaintiff first argues that the taxation of all of the costs for service of subpoenas should be reversed because Defendant failed to adequately describe and document the fees and failed to demonstrate that the fees were necessarily incurred. The Court finds that Defendant has adequately described and documented the fees for service of subpoenas. As for Plaintiff's argument that Defendant failed to demonstrate that the fees were necessarily incurred, the Court notes that, unlike other subsections of § 1920, subsection (1) allowing taxation of fees of the clerk and marshal does not include the language "necessarily obtained for use in the case." In addition, Plaintiff does not cite to any case law directly supporting its argument that Defendant must demonstrate that the fees were necessary to the action. Accordingly, the Court finds this argument to be without merit.

Next, Plaintiff contends that four of the subpoena costs awarded to Defendant exceed the statutory limit. This Court agrees. Although 28 U.S.C.A. § 1920(1) does not specifically provide for the costs of private process servers, federal courts have held that it is within the discretion of courts to award such costs insofar as the U.S. Marshal is no longer responsible for such service in most cases. See, e.g., Roberts v. Homelite Division of Textron, Inc., 117 F.R.D. 637, 641 (N.D. Ind. 1987); Tang How v. Edward J. Gerrits, Inc., 756 F. Supp. 1540, 1545 (S.D. Fla. 1991). Costs incurred for private process servers, however, may be taxed only in an amount within the statutory limit authorized by 28 U.S.C. § 1921. See W&O, Inc., 213 F.3d at 624. The statutory limit is set forth in 28 C.F.R. § 0.114, which provides that fees charged by the United States Marshals Service for personal service of process shall be $45.00 per hour (or portion thereof). Subcategories (a), (b), (c) and (d) of Section 1 of Defendant's Bill of Costs list subpoena service fees of $94.00, $54.00, $80.00 and $80.00, respectively. The Court finds that these costs must all be reduced to the statutory limit of $45.00 each. Accordingly, the Court reduces Defendant's costs by $128.00.

  b.  Fees of the Court Reporter

Taxation of deposition costs is authorized by § 1920(2). W&O, Inc., 213 F.3d at 620 (citing United States v. Kolesar, 313 F.2d 835, 837-38 (5th Cir. 1963)). "The question of whether the costs for a deposition are taxable depends on the factual question of whether the deposition was wholly or partially 'necessarily obtained for use in the case.'" Id. at 620-21 (quoting Newman v. A.E. Staley Mfg. Co., 648 F.2d 330, 337 (5th Cir. Unit B 1981)). When a deposition is taken within the proper bounds of discovery, it will normally be found to be "necessarily obtained for use in the case," and its cost will be taxed against the non-prevailing party unless the non-prevailing party interposes a specific objection that the deposition was improperly taken or unduly

prolonged. Fulton Fed. Sav. & Loan Ass'n. of Atlanta v. American Ins. Co., 143 F.R.D. 292, 296 (N.D. Ga. 1991)(citing George R. Hall, Inc. v. Superior Trucking Co., Inc., 532 F. Supp. 985, 994 (N.D. Ga. 1982)).

Plaintiff's argument that Defendant is not entitled to these costs because Defendant did not file any portion of the depositions of Blackerby, Cook, Frazee, Marty, New, Speer, Stroade, or Torres in support of Defendant's motion for summary judgment is unpersuasive and unsupported by case law. The introduction of a deposition in a summary judgment motion or at trial is not a prerequisite for finding that it was necessary to take that deposition. Cengr v. Fusibond Piping Sys., Inc., 135 F.3d 445, 455 (7th Cir. 1998). The proper inquiry is whether the deposition was "reasonably necessary" to the case at the time it was taken, not whether it was used in a motion or in court. Id.

Plaintiff argues that the depositions of Koontz and Zammiello should be disallowed as taxable costs because Defendant took these depositions. Plaintiff cites to Fulton Federal Savings & Loan Association of Atlanta v. American Insurance Co., 143 F.R.D. 292, 296 (N.D. Ga. 1991), in support of his argument that expenses for depositions taken by the prevailing party are not normally recoverable. The Fulton case, however, states that expenses for *copies*, as opposed to originals, of depositions taken by the prevailing party are not normally recoverable. Id. at 296. The expenses being sought by Defendant for the depositions of Koontz and Zammiello are for the original deposition and not for copies of the deposition. Accordingly, these fees are recoverable by Defendant. The Fulton case also states that "[c]harges for a copy of a deposition taken by an opponent are recoverable." Id. (citing Kolesar, 313 F.2d 835; Jeffries v. Georgia Residential Finance Authority, 90 F.R.D. 62, 64 (N.D. Ga. 1981). Therefore, the fees for copies of the

depositions of Blackerby, Cook, Frazee, Marty, New, Speer, Stroade, and Torres taken by Plaintiff are recoverable by Defendant.

Plaintiff has not demonstrated that any portion of any of the depositions was not related to an issue which was present in the case at the time the deposition was taken. See W&O, Inc., 213 F.3d at 621 (citing Independence Tube Corp. v. Copperweld Corp., 543 F. Supp. 706, 718 (N.D. Ill. 1982)). Nor has Plaintiff interposed a specific objection that a deposition was improperly taken or unduly prolonged. Accordingly, the Court denies Plaintiff's objection to the taxation of deposition costs.

Finally, Plaintiff argues that, with regard to the depositions of Blackerby, Koontz, New, Zammiello and Plaintiff, Defendant is not entitled to recover the cost of deposition exhibits, delivery charges, postage costs, condensed transcripts or ASCII disks. This Court agrees. Defendant fails to justify that its condensed transcripts or ASCII disks were reasonable and necessary, rather than merely convenient. See Ochana v. Flores, 206 F. Supp. 2d 941, 945 (N.D. Ill. 2002)(costs for condensed transcripts and ASCII diskette costs not recoverable). Similarly, the Court denies costs associated with deposition exhibit copies unless the costs are essential to understanding an issue in the case. See Fait v. Hummel, 2002 WL 31433424, *2 (N.D. Ill. Oct. 30, 2002). Defendant provides nothing to indicate an essential need. Finally, Defendant includes charges for shipping and delivery. Postage or delivery costs are ordinary business expenses and may not be charged in relation to obtaining transcripts. Id.; see also Scelta v. Delicatessen Support Serv., Inc., 203 F. Supp. 2d 1328, 1339 (M.D. Fla. 2002). Accordingly, the Court declines to award Defendant these additional costs. Thus, the Court eliminates from Defendant's costs a total of

$147.80 related to the condensed transcripts or ASCII disks ($35.00), deposition exhibit copies ($57.80), and shipping and delivery ($55.00).

      c.      Fees for Witnesses

Defendant requested a witness fee in the amount of $700.00 for the deposition of Dr. Patricia Robinson at the doctor's office. Plaintiff makes the conclusory statement that Dr. Robinson's testimony was not necessary to this action and, therefore, no witness fee for her should be taxed against Plaintiff. Plaintiff fails to explain or support his argument that Dr. Robinson's testimony was not necessary. On the contrary, the Court cannot find, based on the record, that Dr. Robinson's deposition was not necessary to this action.

Plaintiff next argues that the witness fee should be reduced from $700.00 to the statutory limit of $40.00. This Court agrees. Title 28 U.S.C. § 1821 provides that:

> (a)(1) Except as otherwise provided by law, a witness in attendance at any court of the United States ... or before any person authorized to take his deposition ... shall be paid the fees and allowances provided by this section.
>
> (b) A witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.

Accordingly, the witness fee for Dr. Robinson is reduced from $700.00 and limited to the statutory witness fee of $40.00. Thus, the Court reduces Defendant's costs by $660.00.

      d.      Fees for Exemplification and Copies of Papers

Plaintiff contends that Defendant did not meet its burden of establishing entitlement to photocopying expenses. Section 1920(4) allows recovery of costs for copies of papers necessarily obtained for use in the case, but not for those obtained for the convenience of counsel. Helms v.

Wal-Mart Stores, Inc., 808 F. Supp. 1568, 1570 (N.D. Ga. 1992)(citing Desisto Coll. v. Town of Howey-in-the-Hills, 718 F. Supp. 906, 913 (M.D. Fla. 1989)). Only photocopying costs attributable to "discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the Court's consideration are recoverable." Desisto, 718 F. Supp. at 913. "The party seeking recovery of photocopying costs must come forward with evidence showing the nature of the documents copied, including how they were used or intended to be used in the case." Helms, 808 F. Supp. at 1570 (citing Corsair Asset Mgmt., Inc. v. Moskovitz, 142 F.R.D. 347, 353 (N.D. Ga. 1992); Desisto, 718 F. Supp. at 914). "A prevailing party may not simply make unsubstantiated claims that such documents were necessary, since the prevailing party alone knows the purpose for which the copies were made." Id. (citing Corsair, 142 F.R.D. at 353).

The Court has reviewed Defendant's photocopying costs and finds that the costs requested are adequately described and documented. Further, the Court finds that the costs requested are recoverable under § 1920(4). Accordingly, the Court will deny the motion as to these costs.

      e.    Fees for Mediation

Finally, the Court agrees with Plaintiff that mediation costs are not recoverable under 28 U.S.C. § 1920. Scelta, 203 F. Supp. 2d at 1339; Manriquez v. Manuel Diaz Farms, Inc., 2002 WL 1050331, *3 (S.D. Fla. May 23, 2002); George v. GTE Directories, Corp., 114 F. Supp. 2d 1281, 1300 (M.D. Fla. 2000). Therefore, the award of $375.00 in mediation fees is denied, and the Court reduces Defendant's costs by $375.00..

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1)    Defendant's Motion for Award of Attorney Fees (Doc. No. 84) is **DENIED**.

(2)  Plaintiff's Objection to Defendant's Bill of Costs and Motion for Review of Clerk's Order Taxing Costs (Doc. No . 86) is **GRANTED IN PART AND DENIED IN PART**.  The Court hereby reduces the bill of costs taxed against the Plaintiff, originally in the amount of $7,590.80, by $1,310.80, for a modified bill of costs in the amount of $6,280.00.

**DONE AND ORDERED** at Tampa, Florida, this 6th day of July, 2006.

SUSAN C. BUCKLEW
United States District Judge